THOMAS STOKES ET AL., PARTNERS, &c., v. ALBERT HARDY.

Argued February 17, 1904—Decided June 13, 1904.

1. An order of discharge of an insolvent debtor will be set aside when it appears that the petition presented to the court .was not filed with the clerk for more than two months afterwards.

2. The making of an assignment to the assignee appointed by the court of all the real and personal estate of the debtor except apparel for himself, his wife and children, tools of his trade and such property as is exempt from execution, the inventory annexed to. the petition, showing the debtor to be the owner of personal property which did not appear to be exempt, is necessary before the order of discharge can be made.

3. Testimony taken under a notice served by mailing a copy, suppressed; it not appearing that it was proved in the presence of the attorney of the other party, that the notice was placed in the post-office the legal period prior to the day of taking the depositions.

On *certiorari.*

Before Justices FORT and GARRETSON.

For the presecutors, *Freeman Woodbridge.*

For the defendant, *Aaron V. Dawes.*

The opinion of the court was delivered by

GARRETSON, J. The prosecutors, creditors of one Albert Hardy, attack the proceedings in insolvency, founded on the petition of the said Hardy.

The petition appears, from an endorsement upon it, to have been filed with the judge of the Middlesex Common Pleas on the 7th of April, 1903, and by subsequent endorsements thereon, signed by the judge, continued until September 14th, 1903, on which last-mentioned day the judge made an order, reciting the presentation of the petition and appointing December 7th, 1903, at the court house in said county, as the time and place at which the court would attend and hear what could be alleged for or against the liberation of said Hardy. Notice of this order was published once a week successively, commencing November 5th, 1903, the last publication being December 7th, 1903, the day fixed for the hearing, and served personally on the attorney for the prosecutors on November 7th, 1903. It appears, from the endorsement on the petition, that it, with the orders fixing the time, was filed with the clerk on the 30th day of November, 1903, seven days before the time fixed for the hearing. No entry of the order in the minutes is returned with the proceedings, so we conclude none was made. On December 7th, 1903, the day fixed for the hearing, the minutes of the court show that the said Hardy was "discharged as an insolvent debtor;" the minute, showing the discharge, also states that counsel appeared and objected to the discharge, on the ground that the papers had not been filed, and moved to dismiss the proceedings. This motion was denied and that the appearance was only for the purpose of objecting as aforesaid; there also appears, returned with the writ, an order, without date, reciting that the debtor was in actual confinement in the common jail upon an execution issued out of the Middlesex county Circuit Court at the suit of Thomas Stokes & Sons against said Albert Hardy, and he having made application to the court for the benefit of the insolvent laws of this state, and the court having appointed the time and place to

hear what could be said for or against his liberation, the said Albert Hardy, having now appeared and exhibited an account and inventory agreeably to the provisions of the act, and the court having proceeded to hear, consider and examine into the truth and fairness of said account and inventory, and proof being made that due notice had been given to the creditors of the said Albert Hardy of the time and place, to wit, March 24th, 1903, of the hearing, and such hearing, by the said creditor's motion, been adjourned to this day, and upon this day the said Albert Hardy being examined, on oath, in open court, on interrogatories proposed by the court or under its direction according to the form of the statute in such case made and provided, and the court and no creditors attending, except Freeman Woodbridge, attorney of plaintiff, who alone appeared, protesting against the proceedings, being satisfied that the conduct of the said Albert Hardy has been fair, upright and just, it was, by the court, ordered that the said Albert Hardy be discharged from confinement on account of any debts by him personally contracted pursuant to the provisions of the above-mentioned act.

There is a preliminary motion to suppress certain depositions taken because of want of proper notice. A notice of the taking of testimony January 25th, 1904, was mailed January 20th, 1904, by depositing it in the postoffice. It was directed to the attorney of the debtor, who had appeared for him in the Common Pleas. He acknowledged he had received it. Such depositions must be taken on four days' notice, and notice may be given by mail, but proof of placing it in the postoffice in due season—the legal period prior to the day of taking the depositions—must be made in the presence of the attorney of the other party, and not repelled, in order to raise a presumption and stand for proof of the service. *McCourry* v. *Doremus*, 5 *Halst.* 245.

Such was not done in this case and the depositions will be suppressed.

The judge was not authorized by law to continue the hearing of the petition. The law directs that the court, to

whom such application is made, are required to name a time and place at which they will attend to hear what can be alleged for and against the liberation of such debtor, &c. *Gen. Stat.*, *p.* 1736, § 36.   But it appears by the endorsement that the petition was still before the court September 14th, 1903, and September 14th, 1903, may be regarded as the time when the petition was presented, and on that day December 7th, 1903, was fixed as the time for the hearing. But the petition and order, as appears from the endorsements, were not filed with the clerk until November 30th, 1903, which we think was entirely irregular and prevented the creditors from examining the petition in order to prepare for the hearing on December 7th, 1903.   It is further provided by the statute that if after the hearing, consideration and examination of the proofs and allegations of such debtor, the court and the creditor or creditors that may attend shall be satisfied that the conduct of the debtor has been fair, upright and just, the court shall proceed forthwith to appoint an assignee or assignees, to which the debtor shall forthwith execute an assignment of all his real and personal estate, except apparel for himself, his wife and children, tools of his trade and such property as is exempt from execution, and the statute then further provides, "And upon making which assignment and filing the same in the clerk's office of the said court, the court may, by writing under their hands and seals, direct the sheriff to discharge said debtor from confinement." *Gen. Stat.*, *p.* 1729, § 11.

While it is held, in *State* v. *Stiles, 7 Halst.* 296, that the assignment need not be filed in the clerk's office before the order of discharge is made, yet the assignment cannot be dispensed with.

The petition was a list of property of the debtor, consisting of considerable household furniture, but it nowhere appears that this was exempt from execution.   The assignment was necessary as a foundation for the order of discharge, and the same not having been made, the discharge is ineffectual.

For these reasons the proceedings should be set aside, with costs.